IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                                                                     No. 15-CR-4407-RB

OCTAVIO HERRERA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Mr. Herrera's Motion for Hardship Credit for Hard Time Served, filed on February 1, 2018. (Doc. 111.) Mr. Herrera is incarcerated and appears pro se. He makes allegations about the conditions of his confinement at the Otero County Prison Facility (OCPF) and asks the Court to credit him two days for every one day he has served. (*See id.* at 1.) For the reasons discussed below, the Court denies the motion.

**I.    Background**

On December 9, 2015, Mr. Herrera was indicted on charges of conspiracy and possession with intent to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, and 18 U.S.C. § 2, and using a communications facility to further the commission of a drug trafficking crime in violation of 21 U.S.C. § 843(b). (*See* Doc. 1.) He pleaded guilty to the conspiracy and possession counts and entered into a plea agreement with the United States on January 11, 2017. (*See* Doc. 74.) As part of the plea agreement, "the United States agreed to dismiss the communications counts and agreed to a two-level variance from the applicable advisory sentencing guideline range." (Doc. 112 at 1 (citing Doc. 74).) On May 24, 2017, the Court sentenced Mr. Herrera to 60 months' imprisonment, the term to run

concurrently, followed by four years' supervised release. (Doc. 98.) The Court dismissed the communications counts. (Doc. 101.)

Mr. Herrera, who was imprisoned at OCPF at the time he filed his motion, now asks the Court to grant him "two days for one day served" at OCPF due to certain conditions he alleges are present at the prison. (*See* Doc. 111.)

## II. Analysis

The Court will deny the motion for at least three reasons. First, this Court "does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (citing *United States v. Blackwell*, 81 F.3d 945, 947–48, 949 (10th Cir. 1996) (applying 18 U.S.C. § 3582(c))). Mr. Herrera offers no statutory authority for the Court to modify his sentence. (*See* Doc. 111.)

Second, as part of his plea agreement, Mr. Herrera waived "any collateral attack to [his] conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance. (Doc. 74 at 7.) Because he does not base his motion on the ineffective assistance of counsel, he is estopped from collaterally attacking his sentence.

Finally, Mr. Herrera asserts that conditions at OCPF, including the time he receives for recreation, the food served, the prisoners' hygiene needs, and the prison's disciplinary standards, are deficient. (*See* Doc. 111 at 2–3.) But "a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (citations omitted). Mr. Herrera has not filed such an action. Regardless, the United States submitted evidence to show that Mr. Herrera is no longer imprisoned at OCPF,

but has been transferred to a facility in Colorado. (*See* Doc. 112-A.) Thus, the motion is moot.

      IT IS THEREFORE ORDERED that the Motion for Hardship Credit for Hard Time Served (Doc. 111) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE